

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2003

# Tobin v. Badamo

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3918

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Tobin v. Badamo" (2003). *2003 Decisions.* Paper 195.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/195

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3918
_____

MICHAEL TOBIN, JR.;
MICHAEL TOBIN, III,

Appellants

v.

MICHAEL BADAMO, Officer; NEW
CASTLE TOWNSHIP; NEW CASTLE
TOWNSHIP POLICE DEPARTMENT;
MICHAEL O. SKRINCOSKY,
Individually; JOSEPH R. SKROBAK

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 00-cv-00783)
District Judge:  The Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
September 5, 2003

BEFORE: SLOVITER, NYGAARD, and ROTH, Circuit Judges.

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellants Michael Tobin, Jr. ("Tobin Jr.") and Michael Tobin, III ("Tobin III") (collectively, "the Tobins") brought suit against Appellees Michael Badamo, Michael Skrincosky, Joseph Skrobak, and New Castle Township ("the Township"), alleging various violations of Appellants' civil rights, including a violation of 42 U.S.C. § 1983 ("section 1983"). The District Court granted Appellees' motion for summary judgment with respect to all claims against Skrincosky, Skrobak, and the Township. A jury found in favor of Badamo, the only remaining defendant. Appellants challenge the District Court's partial grant of summary judgment, as well as several evidentiary rulings made during trial. We will affirm.

## I. FACTS AND PROCEDURAL HISTORY

As the facts are known to both parties, we will review them only briefly. Appellant Tobin Jr. is the father of Appellant Tobin III. Tobin III was elected to the Township's Board of Supervisors in 1996, joining Appellees Skrincosky and Skrobak on the board. Appellee Badamo was hired as a police officer for the Township in 1999, and was placed under the authority of Tobin III in his capacity as the Supervisor of Police.

2

After a period of growing animosity, Tobin III and Badamo engaged in a confrontation on September 29, 1999, over the policies Tobin III had attempted to implement for the police department. The parties disagree about the nature of this confrontation. Badamo asserts that Tobin III confronted him while he was on duty and in his police uniform, spitting in his face, shoving him onto his desk and challenging him to take off his badge and step outside to fight. Badamo further claims that Tobin Jr. visited him shortly after this incident and threatened him, in an attempt to dissuade him from filing charges against Tobin III. The Tobins deny engaging in any threatening or violent behavior.

Following this confrontation, Badamo claims he spoke to the other two supervisors and consulted the district attorney and state police. Then he filed a probable cause affidavit and arrested Tobin III for aggravated assault, simple assault, official oppression, and disorderly conduct. Later that day Badamo requested the issuance of a summons for Tobin Jr. on a charge of terroristic threats. Badamo promptly informed the news media of the charges against the Tobins. A state magistrate dismissed all criminal charges against the Tobins after a preliminary hearing.

Subsequently, the Tobins filed suit against all the Appellees and the New Castle Police Department, alleging violations of section 1983, substantive due process, the Fourth Amendment, and the First Amendment; as well as libel and slander, false imprisonment, and malicious prosecution. The Tobins also requested punitive damages. In an order that is not under appeal, the District Court dismissed the New Castle Police

3

Department as a party, the punitive damages claim against the Township, and the claim for the violation of substantive due process.

The District Court granted a portion of the Appellees' motion for summary judgment in an order filed April 25, 2002. All counts against Skrincosky, Skrobak, and the Township were dismissed, while the Tobins were allowed to proceed to trial with their claims against Badamo. Trial was held September 24-25, 2002, and the jury returned a verdict in favor of Badamo on all counts.

The Tobins filed notice of the current appeal on October 17, 2002. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

### A. Summary Judgment

The Tobins challenge the District Court's grant of summary judgment on behalf of the Township, Skrincosky, and Skroback. This Court exercises plenary review of the District Court's grant of summary judgment. *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 602-03 (3d Cir. 2002). As did the District Court, we examine the facts in the light most favorable to Appellants and affirm the grant of summary judgment if there is no genuine issue of material fact and Appellees are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

A municipality may be held liable under section 1983 when its failure to supervise police officers reflects a policy of deliberate indifference to constitutional rights. *See Montgomery v. De Simone*, 159 F.3d 120, 126-27 (3d Cir. 1998). Such

4

deliberate indifference is established if: 1) municipal supervisors had contemporaneous knowledge of the offending incident or of a "prior pattern of similar incidents," and 2) the supervisors' action or inaction somehow communicated approval of the offending behavior. *Id.* at 127.

The Tobins offer no support for the contention that Township supervisors Skrincosky and Skroback had contemporaneous knowledge that Badamo was filing false charges, and they did not raise this claim before the District Court. *See* App. at 10. Instead, they contend Skrincosky and Skroback did not sufficiently supervise the Township's police department, and failed to respond when Badamo improperly took his patrol car out of town, wrote an offensive memoranda to Tobin III, persistently wore the wrong uniform, ordered business cards without permission, and demonstrated hostility toward Tobin III. Brief of Appellant at 29-30. None of these transgressions can be classified as "similar to" an unlawful arrest, the alleged misconduct that gives rise to this suit. Therefore, these contentions do not implicate the kind of deliberate indifference necessary for a municipality to be liable under section 1983, and the District Court was correct in granting summary judgment in favor of the Township. *See Montgomery,* 159 F.3d at 127.

The Tobins also challenge the District Court's grant of summary judgment to Skrincosky and Skroback as individuals, based on the finding that they enjoyed qualified immunity. Government officials enjoy immunity from civil actions related to their discharge of discretionary functions, as long as their conduct does not "violate

5

clearly established statutory or constitutional rights of which a reasonable person would have known." *Grant v. City of Pittsburgh*, 98 F.3d 116, 121 (3d Cir. 1996) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). As discussed above, the Tobins have not demonstrated that Skrincosky or Skroback did anything that violated the Tobins' rights, and which might therefore constitute conduct that voids qualified immunity. Accordingly, the District Court's grant of summary judgment was appropriate.

## B. Evidentiary Rulings

This Court reviews the District Court's decision to admit evidence for abuse of discretion. *See United States v. Gibbs*, 190 F.3d 188, 217 (3d Cir. 1999). We do not disturb the District Court's exercise of discretion unless it rests upon "a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Oddi v. Ford Motor Co.,* 234 F.3d 136, 146 (3d Cir. 2000) (internal quotations and citation omitted).

The Tobins contest the District Court's refusal to allow Badamo to be questioned at trial about a lawsuit he filed against the Township. Since this lawsuit was filed some time after the events that gave rise to the current case, and concerned a separate employment grievance, the District Court did not abuse its discretion by finding that it was irrelevant and therefore inadmissible.

The District Court likewise did not abuse its discretion in preventing cross-examination of Badamo on the subject of a 10-year-old arrest for drunk driving, and subsequent enrollment in Pennsylvania's Accelerated Rehabilitative Disposition program.

6

Because discussion of this objection was held largely off the record, the ground on which the Court excluded this evidence is not clear. However, the Court could properly have held that the evidence was inadmissible under Fed. R. Evid. 609, governing admissibility of prior convictions, and Fed. R. Evid. 404(b), governing admissibility of prior bad acts. The Court could also have properly found that the prejudicial effect of the evidence substantially outweighed its probative value, under Fed. R. Evid. 403.

Finally, the District Court appropriately exercised its discretion by preventing the questioning of witnesses in regard to a statement made by the Township solicitor in a memorandum to the Township supervisors. The solicitor was not called as a witness, and the Court could have properly concluded that the statement was inadmissible as hearsay under Fed. R. Evid. 802. If the District Court did make any error in excluding the testimony, it was surely harmless, because evidence of the solicitor's recommendations was ultimately admitted through the testimony of two witnesses. *See* App. at 24, 44.

### III. CONCLUSION

For the reasons set forth above, we will affirm the District Court's grant of summary judgment and the judgment entered on the jury verdict, and deny Appellant's request for a new trial.

_____

TO THE CLERK:

7

Please file the foregoing opinion.



        /s/ Richard L. Nygaard_____

        Circuit Judge